## Chalmers Motor Company of Illinois, Appellee, v. Edgar F. Seney, Appellant.

### Gen. No. 20,979.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed with statutory damages. Opinion filed October 15, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Action by the Chalmers Motor Company of Illinois, a corporation, plaintiff, against Edgar F. Seney, defendant, to recover the balance due on a promissory note for $1,376, dated May 17, 1913, signed by defendant and payable to the plaintiff, due six months after date. To the amended statement of claim an affidavit of merits was filed on May 26, 1914. This was stricken from the files and leave granted the defendant to file an amended affidavit of merits, which was done June 4th. On June 10th the court, on motion of the plaintiff, struck the amended affidavit of merits from the files and defendant was defaulted for want of a sufficient affidavit of merits, whereupon the court assessed plaintiff's damages in the sum of $1,205.22, for which the court entered judgment; to reverse which defendant has prosecuted this appeal.

Said amended statement of claim set forth that on April 23, 1913, plaintiff and defendant entered into a written contract for the sale and purchase of an automobile and certain accessories, said contract being in the form of a letter and acceptance and was as follows:

"April 23, 1913.

Mr. Edgar F. Seney,
    111 W. Monroe St., Chicago, Ill.

Dear Sir:
    We propose to deliver to you F. O. B. cars Detroit:
One 1913 Chalmers Six Cylinder 4 passenger
    Torpedo type, gray touring car, duplicate
    of one shown you today, for the net sum of.$2400.00
Plus freight to Chicago.................... 20.00
Nobby treads on rear at extra cost of........ 26.30
One extra Nobby tread tire and tub.......... 52.50
One tire cover for tire..................... 3.50
Monogram as selected to be put on gratis.

        Total..............................$2502.30

We accept your 1912 '36' car complete with tire, tubes, tools and all accessories, except clock, in good operative condition, as at present equipped, in part payment at $1,126.30. The balance to be paid in six monthly installments of equal amounts, to be dated from date of delivery of car. Said balance to be evidenced by notes bearing interest at six per cent. Delivery to be made on or about May 1st.

We to have winter top.

Respectfully submitted,

Chalmers Motor Co. of Illinois.

Charles E. Gregory, Manager.

This proposal accepted this 23rd day of April, 1913.

Edgar F. Seney.''

Plaintiff further stated that in May, 1913, the automobile described in said written contract was delivered to the defendant, and that during the same month defendant signed a promissory note for the balance due plaintiff in accordance with the terms of the contract; that subsequently, and prior to, December 15, 1913, plaintiff performed work for and furnished materials to the defendant for use on said automobile, to the value of $296; that prior to December 15, 1913, defendant complained to plaintiff concerning the condition of said automobile and the charge made by plaintiff for the work done and material furnished as aforesaid; that on December 15, 1913, defendant entered into an agreement in writing concerning payment of the note and the charges for said work and material. This agreement was as follows:

"Dec. 15, 1913.

Mr. Edgar F. Seney,

   111 W. Monroe St., Chicago, Ill.

Dear Sir:

Responding to your proposal of even date, offering a plan of settlement of your open account and promis-

sory note, it will be agreeable to us to extend payment of your note and account as follows:

You are to pay us $500.00 this month to be applied in settlement of your open account in amount $296.00, less credit notation made by the writer on statement which you have in your possession, the balance of said $500.00 to be endorsed on promissory note, in amount $1,376.00, dated May 17, 1913. You are also to pay $500.00 on promissory note in January, 1914, and the balance due on said promissory note is to be paid in February, 1914.

Respectfully submitted,

CHALMERS MOTOR CO. OF ILL.,

CHAS. E. GREGORY,

General Manager.

This proposal accepted this................day of December, 1913.

EDGAR F. SENEY."

The statement continued, that the credit notation referred to in said agreement was a credit of $24.11, leaving a balance due on the open account referred to in the terms of the agreement of $271.89; that on January 10, 1914, defendant paid plaintiff on said open account $271.89, and $228.11 on the amount due on said note; that no other payments were made by defendant, and that there was then due plaintiff the sum of $1,205.22 on said note.

The amended affidavit of merits filed by defendant did not deny the making of either the original contract under date of April 23rd or the agreement of December 15th, but alleged that plaintiff, under the original agreement, warranted the car to be first class in every respect, but that said car did not come up to said alleged warranty but was of inferior grade and did not run as warranted by plaintiff; that thereupon defendant returned the automobile to plaintiff, who agreed to repair same and put it in first-class condition; that on or about the 15th of December, when plaintiff pre-

sented its bill for repairs to said machine, defendant objected, and thereupon it was agreed by and between the parties that if defendant would pay $500, $271.89 to be applied for labor and material, and $228.11 on account of note sued on, plaintiff would guaranty and warrant that defendant would have no further trouble with said car and that same would be in good and perfect condition; that thereupon defendant entered into the agreement of December 15th; that plaintiff, however, did not fulfil said warranty, and that therefore said automobile was of far inferior grade, and that defendant thereby was entitled to a recoupment from plaintiff for the amount still due on said note.

Adams, Crews, Bobb & Wescott, for appellant.

Garnett & Garnett, for appellee; Cyrus L. Garnett, of counsel.

Mr. Presiding Justice Pam delivered the opinion of the court.

## Abstract of the Decision.

1. Sales, § 244*—*when incorporation of warranty in written contract essential.* A warranty must be incorporated in a written contract of sale in order to be a part thereof.

2. Contracts, § 389*—*when question whether instrument in suit a contract one of law.* In an action on a contract claimed to be contained in correspondence between the parties, it is for the court to determine, in passing upon a motion to strike defendant's amended affidavit of merits setting up a parol warranty, whether or not the letter alleged to contain the contract and the acceptance thereon constituted a written contract and, if so, whether it fully expressed the agreement between the parties.

3. Contracts, § 51*—*when instrument constitutes contract.* In an action on a contract claimed to be contained in a letter and the acceptance thereon, the letter and acceptance *held* to show a complete legal obligation without any uncertainty or ambiguity as to the obligation or extent of the engagement, and to contain the whole agreement of the parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. SALES, § 244*—*when. affidavit setting up warranty properly stricken.* In an action on a written contract which contains no warranty, a motion to strike an amended affidavit of merits, the only issue presented by which is as to whether or not plaintiff had entered into a warranty, is properly allowed.

· 5. DAMAGES, § 227*—*when motion for assessment by jury made too late.* A motion, in an action on a contract, to have the damages assessed by the jury is too late when not made until after the court had assessed plaintiff's damages and entered judgment.

6. COSTS, § 67*—*when damages allowed for vexatious appeal.* Evidence examined and *held* to show that an appeal was prosecuted merely for delay, and ten per cent. damages allowed.